IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| EDGAR ULLOA LUJAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION, *et al.*, <br><br> Defendants. | No. 3:22-cv-00159-DCG |

**STIPULATION**

The parties respectfully enter into this stipulation, and for the reasons stated herein, jointly request that the Court enter the attached proposed order.

1. The Department of Education's (Department) regulations implementing the Fulbright-Hays Doctoral Dissertation Research Abroad Fellowship Program ("DDRA Program") provide that the Secretary will "review[] each application to determine the qualifications of the applicant" on the basis of several factors, including "[t]he applicant's proficiency in one or more of the languages (other than English and the applicant's native language) of the country or countries of research, and the specific measures to be taken to overcome any anticipated language barriers." 34 C.F.R. § 662.21(c)(3).

2. One Plaintiff, Samar Ahmad, filed a motion for a preliminary injunction on June 22, 2022. ECF No. 14. The preliminary injunction motion related to Ms. Ahmad's current application to the DDRA Program. In April 2022, Ms. Ahmad filed an application for a Fulbright-Hays Doctoral Dissertation Research Abroad Fellowship (("Doctoral Fellowship") for research in

Jordan, an Arabic-speaking country. *Id.* at 9. Ms. Ahmad seeks a preliminary injunction that would compel the Department to evaluate her language proficiency without regard to the parenthetical phrase "and the applicant's native language" in 34 C.F.R. § 662.21(c)(3). *Id.* at 1; *see also id.* at 28-29.

3. Previously, in April 2021, Ms. Ahmad filed an application for a Doctoral Fellowship for research in Jordan, an Arabic-speaking country. Ms. Ahmad's 2021 reviewers deemed her to be a "native" speaker of Arabic and were required by 34 C.F.R. § 662.21(c)(3) to award her 0 out of 15 points under the language proficiency evaluation criterion. Ms. Ahmad was denied the Doctoral Fellowship in 2021.

4. Under the DDRA Program, applicants for fellowships are chosen based on several selection criteria, and applications are evaluated by independent peer reviewers. The Department assigns the number of points applicable to each selection criteria within the Notice Inviting Applications for funding. In accordance with the 2022 Notice Inviting Applications for this program, the Department instructs peer reviewers to evaluate the language proficiency of applicants, and reviewers can award up to 15 points for this selection criterion.

5. In the Notice Inviting Applications and accompanying application package, the Department indicates that a "native" speaker proposing to conduct research in his or her native language would not be eligible for any points on this 15-point scale; however, a "heritage" speaker of a foreign language who proposes to conduct research in that language would be eligible for up to 10 points on the 15-point scale. Ms. Ahmad identified herself as a "heritage" speaker of Arabic in her April 2022 application.

6. The Department has determined that it will instruct peer reviewers to evaluate Ms. Ahmad, and all other "heritage" speakers of foreign languages, as eligible for up to the full 15 points on the criterion that evaluates an applicant's language proficiency.

7. The parties agree that this instruction accords Ms. Ahmad the full relief that she is seeking in her preliminary injunction motion, and accordingly they stipulate to the withdrawal of that motion.

8. The parties recognize that this stipulation does not guarantee that Ms. Ahmad will receive all 15 points for language proficiency, as the scoring of her application depends on independent review by peer reviewers. The parties also recognize that this stipulation does not guarantee that Ms. Ahmad will be awarded a fellowship under the DDRA Program.

9. The parties intend to engage in further discussions regarding the remainder of the Plaintiffs' claims in this case. They agree that it would be helpful for these discussions if this Court were to defer the Defendants' obligation to answer or otherwise respond to the complaint, and accordingly they jointly request that the Court extend that response date by sixty days to September 16, 2022.

WHEREFORE, the Defendants respectfully request that that the Court enter the attached proposed order, which withdraws the pending preliminary injunction motion and extends the deadline for the Defendants to respond to the complaint until September 16, 2022.

Dated: July 18, 2022     Respectfully submitted,

/s/ Sheng Li (*by permission*)
Sheng Li
Pro Hac Vice
John J. Vecchione
Pro Hac Vice
Litigation Counsel
NEW CIVIL LIBERTIES ALLIANCE
1225 19th Street NW, Suite 450

Washington, DC 20036
(202) 869-5210
Sheng.Li@ncla.legal
John.Vecchione@ncla.legal

Cory R. Liu
Texas Bar No. 24098003
ASHCROFT SUTTON REYES LLC
919 Congress Ave, Suite 1325
Austin, TX 78701
(512) 370-1800
cliu@ashcroftlawfirm.com

*Counsel for Plaintiffs*


BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Joel McElvain*
JOEL McELVAIN
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 616-8298
Fax: (202) 616-8470
E-mail: joel.l.mcelvain@usdoj.gov
D.C. Bar No. 448431

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify on this 18th day of July, 2022, a true and correct copy of this document was served electronically by the Court's CM/ECF system to all counsel of record.

                                    */s/ Joel McElvain*
                                    JOEL McELVAIN