IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

El Paso Division

| | |
|---|---|
| EDGAR ULLOA LUJAN; <br><br> SAMAR AHMAD; <br><br> VERONICA GONZALEZ; <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION; <br><br> MIGUEL CARDONA, Secretary, U.S. Department of Education, in his official capacity; <br><br> NASSER H. PAYDAR, Assistant Secretary for Postsecondary Education, U.S. Department of Education, in his official capacity; <br><br> *Defendants*. | CIVIL CASE NO. 3:22-CV-00159-DCG <br><br> JUDGE GUADERRAMA |

**MOTION TO CLARIFY OR AMEND INJUNCTIVE ORDER**

Plaintiff Veronica Gonzalez respectfully moves to clarify or amend the scope of the injunctive relief granted in the Court's March 24, 2023 Order ("Order"). *See* ECF 37.

Gonzalez's motion for preliminary injunction requested that the Court enjoin Defendants from applying the "native-language penalty" under 34 C.F.R. § 662.21(c)(3) in the 2023 application cycle for the Fulbright-Hays Doctoral Dissertation Research Abroad Fellowship ("Fulbright-Hays

1

Fellowship"). *See* ECF 25 at 6. Ms. Gonzalez is grateful that the Court granted this request on March 24, 2023, and vacated § 662.21(c)(3). *See* ECF 37.[1]

The parties interpret the Court's Order differently. Defendants believe the Order categorically prohibits the agency from considering foreign-language proficiency in awarding the Fulbright-Hays Fellowship to conduct dissertation research in a foreign language. Defendants intend to post a notice stating that: "In accordance with the Court Order … no points will be afforded based on [foreign-language proficiency] during the 2023 competition cycle."[2] Gonzalez, however, did not challenge Defendants' ability to weigh foreign-language proficiency as a categorical matter. To the contrary, she sought to require Defendants to give her foreign-language proficiency appropriate weight, *i.e.*, without a native-language penalty. She also specifically objected to Defendants' devaluation of the foreign-language criterion in response to her motion for preliminary injunction. *See* ECF 33 at 13 ("[D]evaluing the foreign-language criterion from 15 points to one is itself illegal and inflicts further irreparable injury [on Gonzalez."]).

The Court's reasoning for the Order did not find evaluation of foreign-language proficiency to be categorically unlawful. Rather, the Court found it unlawful to penalize applicants based on their native language during that evaluation. Gonzalez therefore believes the Order is limited to prohibiting just the challenged unlawful conduct, *i.e.*, the native-language penalty under § 662.21(c)(3). An injunction that completely forbids evaluation of foreign-language proficiency not only would conflict with the underlying statute's mandate to "promot[e] modern foreign language training." 22 U.S.C.

---

[1] Gonzalez also requested as an alternative relief for the Court to require Defendants to re-evaluate her 2022 Fulbright-Hays application, which the Court declined to grant. ECF 37 at 13.

[2] Counsel for Gonzalez and Defendants conferred by email on March 28 and 29, 2023. Counsel for Defendants stated that Defendants interpret the Order to "vacate[] the entire [foreign language] criterion (34 CFR 662.21(c)(3)), thereby prohibiting the agency from considering the criterion at all (which will necessarily result in zero points being allocated to it)."

§ 2452(b)(6), but it would also be broader than necessary to provide Gonzalez with complete relief and is thus disfavored.

To prevent confusion regarding the scope of injunctive relief, Gonzalez requests that the Court clarify or amend the Order to explicitly permit—and indeed require—Defendants to consider foreign-language proficiency in the 2023 Fulbright-Hays application cycle, while prohibiting Defendants from applying 34 C.F.R. § 662.21(c)(3) to penalize applicants based on their native languages in conducting that evaluation of foreign-language proficiency. Before filing this motion, counsel for Gonzalez conferred with counsel for Defendants, who stated that: "Although Defendants do not agree that clarification is necessary, Defendants take no position on Plaintiffs' request that the Court amend the form of relief in its preliminary injunction order."

## STATEMENT OF THE CASE

The Fulbright-Hays Act of 1961 authorizes Defendants to administer fellowships to:

> promot[e] modern foreign language training and area studies in United States schools, colleges, and universities by supporting visits and study in foreign countries by teachers and prospective teachers … for the purpose of improving their skill in languages and their knowledge of the culture of the people of those countries ….

The Department's regulations at 34 C.F.R. Part 662 established and govern the Fulbright-Hays Fellowship, which are awarded to U.S. doctoral students to "conduct dissertation research abroad in modern foreign languages." 34 C.F.R. § 662.1(b). Awardees must "plan[] a teaching career in the United States" and "[p]ossess[] sufficient foreign language skills" to carry out their proposed dissertation research. *Id.* § 662.3.

Reviewers assess applications for the Fulbright-Hays Fellowship on several metrics, including the applicant's foreign-language proficiency. Prior to 1998, they evaluated whether "[t]he applicant possesse[d] adequate foreign language skills to carry out the proposed project." 34 C.F.R. § 662.32(b)(2)(ii) (1997). In 1998, the Department promulgated a regulation changing the foreign-language criterion to instead evaluate the "applicant's proficiency in one or more of the languages

3

*(other than English and the applicant's native language)* of the country or countries of research." *Id.* § 662.21(c)(3) (1998) (emphasis added). In other words, the Department in 1998 added a new requirement that applicants conduct research in a country that speaks a language "other than English and the applicant's native language." *Id.* It is this 1998 requirement—not the general consideration of foreign-language skills—that is the subject of this lawsuit and that Plaintiff believes was the subject of the Court's Order in this matter.

Plaintiff Gonzalez is a doctoral student at the University of California Irvine. She is a native speaker of Spanish—she learned Spanish as a child from her immigrant parents and further improved her Spanish skills in U.S. schools. ECF 37 at 6. Defendants rejected Gonzalez's 2022 application for the Fulbright-Hays Fellowship to conduct research in Mexico because, despite receiving near perfect scores on every other evaluation metric, she received no credit for her advanced Spanish skills under § 662.21(c)(3)'s treatment of an applicant's native language. *Id.* at 7. Gonzalez is reapplying for a 2023 Fulbright-Hays Fellowship and submitted her application to her university on March 21, 2023.[3] Her motion for preliminary injunction argued that § 662.21(c)(3)'s treatment of native language is unlawful and requested that the Court enjoin Defendants from applying that unlawful regulation in the 2023 application cycle. *See* ECF 25 at 6.

On March 24, 2023, the Court issued an Order agreeing with Ms. Gonzalez that § 662.21(c)(3)'s treatment of native language is unlawful and vacating that regulation. The parties now disagree regarding the scope of injunctive relief awarded. Defendants believe vacatur of § 662.21(c)(3) means the Department now cannot give any consideration to applicants' foreign-language skills, notwithstanding the Fulbright-Hays Act's mandate to "promot[e] modern foreign language training,"

---

[3] The Department requires universities to file applications on behalf of students. *See* 34 C.F.R. § 662.1 (requiring awards to be made "through institutions of higher learning").

4

22 U.S.C. § 2452(b)(6), and this Court's recognition that "the Department certainly has the authority to promote foreign language training," ECF 37 at 27.

By contrast, Gonzalez interprets the Order as merely prohibiting Defendants from penalizing 2023 applicants based on their native language under § 662.21(c)(3) when evaluating foreign-language proficiency. She believes the Order still allows Defendants to ensure applicants have sufficient foreign-language skills to conduct research in a foreign language and to assess how applicants' foreign-language skills compare to one another. *See* 34 C.F.R. § 662.3(d).

## ARGUMENT

### I. Prohibiting All Consideration of Foreign-Language Proficiency Would Be Broader than Necessary to Address Defendants' Unlawful Conduct

A district court order granting an injunction must "state its terms specifically" and "describe in reasonable detail" the conduct restrained or required. Fed. R. Civ. P. 65(d). Furthermore, "injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). As such, the court "must narrowly tailor an injunction to remedy the specific [unlawful] action which gives rise to the order." *John Doe # 1 v. Veneman*, 380 F.3d 807, 818 (5th Cir. 2004).

Here, neither the First Amended Complaint nor Gonzalez's Motion for Preliminary Injunction challenged Defendants' ability to evaluate foreign-language proficiency. Rather, Gonzalez argued that "the *native-language penalty* at § 662.21(c)(3) clearly violates the U.S. Constitution … [and] also exceeds the Fulbright-Hays Act's authorization" and that a "preliminary injunction is thus needed to prevent Ms. Gonzalez's 2023 application from being prejudiced … by the Department's [unlawful] *native-language penalty*." ECF 25 at 16 (emphases added).[4] Thus, the unlawful action Gonzalez challenges is

---

[4] *See also* First Amended Complaint, ECF 24 at 39 (requesting "[p]reliminary and permanent injunctive relief requiring the Department to allow U.S. students to use the foreign language of their national heritage to satisfy the language-proficiency criterion of the Fulbright-Hays Fellowship" and

5

not the evaluation of foreign-language proficiency as a general matter; rather, she objects to the "native-language penalty" comprising part of that foreign-language evaluation, which was introduced when the Department promulgated § 662.21(c)(3) in 1998.

The Court likewise did not hold evaluation of foreign-language proficiency to be categorically unlawful. Instead, it agreed with Gonzalez that § 662.21(c)(3) is unlawful because it discounted native speakers' foreign-language skills in the evaluation of their foreign-language proficiency. *See* ECF 37 at 14-27. The Court further concluded that § 662.21(c)(3)'s native-language penalty, even if reduced to just one point, would cause irreparable harm. *Id.* at 29-30 ("Without preliminary relief, Gonzalez is guaranteed to lose one point on her 2023 Fulbright-Hays Fellowship application for being a native Spanish speaker."). Injunctive relief should thus be narrowed to specifically address irreparable harm caused by the unlawful conduct, which in this case is the native-language penalty under § 662.21(c)(3). *See Veneman*, 380 F.3d at 818. An overly broad injunction to prohibit *all* consideration of applicants' foreign-language proficiency is unnecessary and therefore inappropriate. *Id.*

Put another way, both sides believed at the outset of this litigation that language skills could be weighed; they differed only on whether native speakers of a foreign language could be penalized. The Court has now resolved that disagreement in Gonzalez's favor. Defendants' interpretation of the Court's Order to mean that language skills cannot be weighed at all would result in injunctive relief that is unnecessarily broad and that undercuts Gonzalez's request. Indeed, this outcome would be nonsensical given the posture of this litigation. Hence, the Court should either clarify the Order or else further enjoin Defendants' from implementing their flawed interpretation of the Order.

---

"prohibiting the Department from penalizing Fulbright-Hays applicants for acquiring the foreign language to be used during the proposed research through their national heritage[.]").

## II. Prohibiting All Consideration of Foreign-Language Proficiency Would Be Inconsistent with the Fulbright-Hays Act

A broad injunction that prohibits all consideration of foreign-language proficiency also would run afoul of the Fulbright-Hays Act, which requires Defendants to administer the Fulbright-Hays Fellowship to "promot[e] modern foreign language training" of "prospective teachers," *i.e.*, doctoral students, who seek to conduct dissertation research in a foreign language. 22 U.S.C. § 2452(b)(6). To do so, the Department must at minimum determine that awardees "[p]ossess[] sufficient foreign language skills" to perform dissertation research. 34 C.F.R. § 662.3(d). In short, there *must* be evaluation of applicants' language skills.

Imagine two applicants who apply for the Fulbright-Hays Fellowship to conduct research in Mexico that requires archival research in Spanish and interviewing Spanish-speaking individuals. The first applicant, like Gonzalez, has advanced Spanish skills while the second cannot speak (or read) a single word of Spanish. Defendants' interpretation of the Order as categorically prohibiting consideration of foreign-language proficiency makes both applicants equally competitive, even though the second lacks basic Spanish language skills needed to order a sandwich, let alone perform doctoral research and then become a teacher of Spanish or Mexican culture. Such a nonsensical outcome would contravene Congress's instruction for Defendants to administer the Fulbright-Hays Fellowship "to provide for … promoting modern foreign language training" by supporting prospective teachers' research in foreign countries "for the purpose of improving their skill in languages and their knowledge of the culture of the people of those countries." 22 U.S.C. § 2452(b)(6). It would also prejudice Gonzalez's 2023 application by depriving her of any competitive advantage based on her advanced foreign-language skills over less-fluent linguists. *See* ECF 33 at 14.

The Order did not require this unlawful and illogical result because it explicitly recognized that "the Department certainly has the authority to promote foreign language training," which obviously includes the evaluation of applicants' foreign-language skills to ensure they can conduct doctoral-level

research in that language. ECF 37 at 27. The Court merely concluded that the Department's authority "does not go as far as" penalizing applicants for their *native languages* in the foreign-language evaluation process. *Id.* Defendants' counterintuitive interpretation of the Order requires its clarification or amendment—or else enjoining Defendants' erroneous reading.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to clarify or amend the Order to state that Defendants may—and indeed must—evaluate foreign-language proficiency when considering applicants for the Fulbright-Hays Fellowship—or else the Court could enjoin Defendants' erroneous interpretation of the prior Order. Either way, Defendants should be merely prohibited from penalizing applicants based on their native language when performing that foreign-language evaluation.

March 31, 2023

Respectfully submitted,

/s/ Sheng Li

Sheng Li, *Pro Hac Vice*
Litigation Counsel
John J. Vecchione, *Pro Hac Vice*
Senior Litigation Counsel
NEW CIVIL LIBERTIES ALLIANCE
1225 19th Street NW, Suite 450
Washington, DC 20036
(202) 869-5210
Sheng.Li@ncla.legal
John.Vecchione@ncla.legal

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2023, an electronic copy of the foregoing was filed electronically via the Court's ECF system, which effects service upon counsel of record.

/s/ Sheng Li