IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| EDGAR ULLOA LUJAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION, *et al.*, <br><br> Defendants. | No. 3:22-cv-00159-DCG |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
TO AMEND JUDGMENT OR CLARIFY ORDER**

On March 24, 2023, the Court issued an Order that "VACATES 34 CFR § 662.21(c)(3) as to all 2023 Fulbright-Hays Fellowship applicants until the Court reaches a merits decision in this case or the U.S. Department of Education publishes a final rule amending the regulation, 34 C.F.R. § 662.21(c)(3)." ECF No. 37.[1] Consistent with the clear terms of that Order, and because the plain language of the Court's order vacated the regulatory provision at Section 662.21(c)(3) in its entirety, Defendants have posted a notice on the Department of Education website, which states "the Department will not consider the criterion set forth in 34 CFR § 662.21(c)(3) for any Fulbright-Hays applicants during the 2023 competition cycle and no points will be afforded based

---

[1] Notably, the Court's order provided the very relief that Plaintiffs requested in their Motion for Preliminary Injunction, which was framed as a request to enjoin the entire criterion. *See* Pls.' Mot. for Prel. Inj. at 29, ECF 25 ("The Court should [] enjoin the Department from applying 34 CFR 662.21(c)(3) for the 2023 application cycle . . . so that no applicants are subject to the unconstitutional evaluation criterion that beset review of Ms. Gonzalez's 2022 application.").

1

on that criterion during the 2023 competition cycle." *See U.S. Dept. of Ed.*, Fulbright-Hays—DDRA Announcement, *available at* https://www2.ed.gov/programs/iegpsddrap/index.html.

Plaintiffs' motion seeks to amend or clarify the Court's order "to state that Defendants may—and indeed-must—evaluate foreign-language proficiency when considering applicants for the Fulbright-Hays Fellowship." ECF No. 38 at 8. As noted in Plaintiffs' motion, *id.* at 2, Defendants take no position on whether the Court should amend its order to narrow the scope of the injunction. Specifically, because Defendants had understood that Plaintiffs would be asking the Court to enjoin 34 CFR § 662.21(c)(3) *only* insofar as the criterion excludes consideration of native language skills, Defendants stated that they did not oppose the Court amending its order to impose that limiting construction. However, because Plaintiffs' motion as filed appears to seek other relief based on a misapprehension of the government's interpretation of the Court Order, Defendants submit this response to clarify the scope of the issue at stake.

Contrary to Plaintiffs' assertions, Defendants do not interpret the Court's order to "categorically prohibit[] the agency from considering foreign-language proficiency in awarding the Fulbright-Hays Fellowship to conduct research in a foreign language." Defs.' Mot. at 2. The Court's order vacates *only* the single criterion that is set forth in 34 C.F.R. § 662.21(c)(3), which specifically addresses foreign language proficiency. But the Department's consideration of an applicant's foreign-language skills is not limited to 34 C.F.R. § 662.21(c)(3), and the Court's order leaves intact other program criterion that necessarily take into account an applicants' foreign language skills. For example, the criterion at 34 C.F.R. § 662.21(c)(1) evaluates "[t]he overall strength of the applicant's graduate academic record" as a doctoral candidate in modern foreign languages and areas studies. And 34 C.F.R. § 662.21(c)(4) addresses "the applicant's ability to conduct research in a foreign cultural context, as evidenced by the applicant's references or

2

previous overseas experience, or both," which incorporates the applicant's ability to communicate in the language of that culture. Thus, regardless of whether the separate criterion in Section 662(c)(3) is allocated one point or zero points, the Department accounts for foreign language proficiency when applying other program criteria as contemplated by the Fulbright-Hays Act.

For these reasons, if the Court is inclined to amend its order, any such amendment should be limited to the claims at hand—*i.e.*, specific to 34 C.F.R. § 662.21(c)(3)—rather than make any general pronouncements about whether the Department can or must consider foreign language proficiency in general. In other words, to the extent Plaintiffs ask to the Court to narrow the injunction in a manner that only enjoins 34 C.F.R. § 662.21(c)(3) insofar as it excludes consideration of native language skills, but leaves the remainder of the regulatory provision intact, Defendants take no position and do not oppose that outcome.

Finally, the Department notes that it has extended the program application deadline to April 25, 2023, in order to accommodate the changes required by the Court's preliminary injunction order, and to give the broader applicant pool an opportunity to receive notice of those changes in advance. Thus, to the extent the Court is inclined to amend its order, Defendants respectfully request that it issue that decision by April 11.

Dated: March 31, 2023                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Emily B. Nestler*
EMILY B. NESTLER (NY Bar # 4398095)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 305-0167
Fax: (202) 616-8470
E-mail: emily.b.nestler@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

     I hereby certify on this 31st day of March, 2023, a true and correct copy of this document was served electronically by the Court's CM/ECF system to all counsel of record.

                                      */s/ Emily B. Nestler*
                                      EMILY NESTLER