UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **EDGAR ULLOA LUJAN, SAMAR AHMAD,** and **VERONICA GONZALEZ,** | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | |
| **UNITED STATES DEPARTMENT OF EDUCATION, MIGUEL CARDONA,** *in his official capacity as Secretary of the U.S. Department of Education*, and **NASSER H. PAYDAR,** *in his official capacity as Assistant Secretary of Postsecondary Education of the U.S. Department of Education*, | § § § § § § § § § § § § | **3:22-CV-00159-DCG** |
| *Defendants*. | § | |

## ORDER CLARIFYING SCOPE OF PRELIMINARY INJUNCTION

On March 24, 2023, the Court enjoined Defendants from applying the Foreign Language Criterion, 34 C.F.R. § 662.21(c)(3), in a manner that devalues a Fulbright-Hays Fellowship applicant's foreign language skills in their native language.[1]  *See* Prelim. Inj. Op., ECF No. 37, at 14–28, 31.  The parties interpret the scope of the Court's injunction differently.  *Compare* Mot. Clarification, ECF No. 38, *with* Resp., ECF No. 39.  Defendants believe the injunction entirely prevents them from assessing an applicant's foreign language proficiency—native language or otherwise—under 34 C.F.R. § 662.21(c)(3).  Resp. at 1–2.  Plaintiff Gonzalez believes the injunction only prevents Defendants from applying the portion of the Foreign Language

---

[1] The Court limited this relief to the 2023 Fulbright-Hays Fellowship application cycle.  Prelim. Inj. Op., ECF No. 37, at 31 ("[T]he Court vacates 34 C.F.R. § 662.21(c)(3) as to all 2023 Fulbright-Hays Fellowship applicants.").

Criterion that requires applicants to be proficient in a language "other than . . . the applicant's native language."[2]  Mot. Clarification at 4–5, 8.

Plaintiff Gonzalez's interpretation is correct.  The Court did not invalidate 34 C.F.R. § 662.21(c)(3) in its entirety. The Court thus **CLARIFIES** that its injunction applies only insofar as the Foreign Language Criterion prohibited considering an applicant's native language skills.[3]

**So ORDERED and SIGNED this 3rd day of April 2023.**

_____
**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**

---

[2] For clarity, this is the portion of 34 C.F.R. § 662.21(c)(3) that Plaintiff Gonzalez has deemed the "native-language penalty."  *See, e.g.*, Mot. Clarification, ECF No. 38, at 1.  Moreover, the Court did not disturb section 662.21(c)(3)'s position on the assessment (or lack thereof) of an applicant's English language proficiency.

[3] Defendants do not oppose this scope of relief.  Resp. at 3 ("[T]o the extent Plaintiffs ask [] the Court to narrow the injunction in a manner that only enjoins 34 C.F.R. § 662.21(c)(3) insofar as it excludes consideration of native language skills, but leaves the remainder of the regulatory provision intact, Defendants take no position and do not oppose that outcome.").